LAW OFFICES OF MATTHEW W. MONROE
Matthew W. Monroe, Esq. (CSB# 147812)
Daniel F. Berberich, Esq. (CSB# 215946)
Royal Airport Center
5933 Century Boulevard, Suite 800
Los Angeles, California 90045-5471
Telephone:  (310) 670-1381
Facsimile:  (310) 670-2148

Attorneys for Plaintiffs ADAM PEACE
and REBECCA GAWRONSKI

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ADAM PEACE AND REBECCA GAWRONSKI, | CIVIL ACTION NO.: CV08-2880 CAS (PLAx) |
| Plaintiffs, | |
| vs. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND** [28 U.S.C. § 1447(c)] |
| ESTATE OF KIMBERLY DAWN SORENSEN, DECEASED, PROGRESSIVE WEST INSURANCE, NATIONWIDE INSURANCE COMPANIES, ERIE INDEMNITY COMPANY, AND DOES 1 through 25, inclusive | BEFORE: Hon. Christina A. Snyder DATE:    June 30, 2008 TIME:    10:00 a.m. CTRM:    5 |
| Defendants. | |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTUAL BACKGROUND

This civil action arises from a tragic auto accident which took place on Sunday, July 29, 2007 on a 24 mile stretch of two lane highway that runs

- 1 -

between the townlets of Cantil and Inyokern, in Kern County, California. Kimberly Dawn Sorensen ("Sorensen") attempted-but-failed to pass a slower vehicle and lost control of her car when she swerved back into her own lane. Her car spun into oncoming traffic and collided with a rental car that Adam Peace ("Peace") was driving in the opposite direction. The high speed impact instantly killed Sorensen and her passenger Lynda Rae Burgess. Peace's right leg and arm were deeply lacerated; his passenger and fiancé, Plaintiff Rebecca Gawronski ("Gawronski" and collectively referred to herein as "Plaintiffs"), suffered a concussion, abdominal and uterine wall bruising and bleeding, injured knees, and shattered feet. After being airlifted to a trauma center; receiving surgery and convalescing, the couple returned to Peace's residence in Maryland, where Gawronski received additional surgery and was wheel-chair bound for several months.

In August, Plaintiffs notified their own respective auto insurers of the accident and they also submitted a claim to Progressive West Insurance ("Progressive") because decedent Sorensen's California driver financial responsibility card indicated Progressive was Sorensen's insurer. Progressive denied Plaintiffs claim, contending it had unilaterally cancelled Sorensen's insurance five days before the accident. However, Progressive refused to provide Plaintiffs with proof of cancellation.

Plaintiffs then submitted claims for uninsured/underinsured motorist ("UM") coverage to their respective first-party insurers, "Nationwide" and Erie Indemnity. Peace's insurer, "Nationwide", took a month and a half to acknowledge the claim, and another month and a half to send Peace a claims application. Five months after the accident, "Nationwide" paid Peace $2,500 for "personal injury" coverage. In response, Peace demanded arbitration or payment of UM benefits. In February, 2008 (7 months after the accident),

1   "Nationwide" indicated that, as it had not yet conducted a UM coverage

2   investigation, that Peace would have to resubmit a UM claim application and

3   all authorizations and records.  In addition to "Nationwide's" failure to timely

4   investigate the UM claims, both Nationwide General Insurance Company

5   ("Nationwide General" or "NGIC"), which issued Peace's policy, and

6   Nationwide General Affinity Insurance Company of America ("Nationwide

7   Affinity" or "NAICA"), its affiliated and managing company, both admitted

8   California insurers, failed to ever comply with California law by issuing a

9   reservation of rights letter or make a determination regarding Peace's UM

10  claim, thereby causing further damages to Plaintiffs.

## II.

## PROCEDURAL BACKGROUND

13      On March 25, 2008 Plaintiffs filed a civil action in California Superior

14  Court.  Plaintiffs' complaint included eight Causes of Action (hereinafter

15  "COA"): the first COA alleged negligence by Sorensen; the second and third

16  COAs alleged that Progressive breached third party beneficiary duties to

17  Plaintiffs and engaged in tortious bad faith against Plaintiffs; the fourth and

18  fifth COA alleged "Nationwide" breached first party contract duties to

19  Plaintiffs and engaged in tortious bad faith; the eighth COA requested the

20  Court's declaratory judgment as to respective rights and duties of the insurance

21  defendants (Progressive, Nationwide and Erie).  The sixth and seventh COA,

22  brought against Gawronski's first party insurer Erie Indemnity, are in the

23  process of being dismissed.  All COAs involve state law; none raise federal law

24  questions over which a federal court could assert subject matter jurisdiction.

25      In accordance with Cal. Prob. Code §9390[1] and Cal. Prob. Code §552[2].,

26  the first COA named the Estate of Kimberly Sorensen (hereinafter as "the

27

28  ------------------------------------------------------------
    [1] Cal. Prob. Code §9390(a) authorizes commencement of an action to establish the decedent's liability for which
    the decedent was protected by insurance under Section 550 without first initiating a probate action and filing a
    claim. It also authorizes enforcement of a Section 550 judgment against the insurer.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

1  Estate") as the real party in interest; Progressive was personally served on

2  behalf of the Estate.  Plaintiffs personally served Progressive's designated

3  agent for service of process for the second, third, and eighth COA.

4       On April 8, 2008, Plaintiffs filed an amendment to the Complaint naming

5  NAICA as the "Nationwide" business entity in the fourth, fifth, and eighth

6  COAs and personally served NAICA via its agent for service of process.  Erie

7  Indemnity was personally served at its corporate headquarters.

8       On May 2, 2008, Progressive filed notice of removal of this action to

9  Federal court.  Progressive claimed removal was proper because complete

10  diversity existed between Plaintiffs and the defendant insurers.  Though all

11  other defendants had been named and served, none joined in the removal and,

12  in violation of 28 U.S.C. §1446(a), Progressive offered no explanation why the

13  other defendants did not join.

**III.**

**REMOVAL DID NOT COMPORT WITH FEDERAL PROCEDURAL LAW**

**A.     Removal Is Improper Because Notice of Removal Is Facially Defective**

Progressive's notice of removal was technically defective.  More specifically, 28 U.S.C §1446(a) requires unanimity of joinder: all of the defendants named and served at the time of removal must join in the notice of removal, or the defendant seeking removal must explain why they did not join.  See Hewitt v. City of Stanton, 798 F2d 1230, 1232 (9th Circ. 1986); see also Parrino v. FHP, Inc., 146 F3d 699, 703 (9th Circ. 1998).  At the time Progressive noticed removal and removed, the Estate, Nationwide Affinity, and

---

2 Cal. Prob. Code 552(a) proscribes the procedure by which a 550 is commenced.  The Complaint names the defendant "Estate of (name of decedent), Deceased."  Summons is served on a person designated in writing by the insurer or, if none, on the insurer.  Proceedings are in the name of the estate, but otherwise conducted in the same manner as if the action were against the estate's personal representative.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

1 Erie Indemnity were all named and served defendants. Yet none of these other

2 defendants joined in the notice of removal, and Progressive's notice, which was

3 signed pursuant to <u>F.R.C.P.</u> Rule 11, did not explain their absence.

4 Consequently, removal was defective on its face and remand should be granted.

### B.    <u>The Burden of Proof Is On The Removing Party</u>

6 Unlike the federal court's original diversity jurisdiction, removal

7 jurisdiction is based entirely in statute. See <u>Libhart v. Santa Monica Dairy Co.</u>

8 (9th Cir. 1979) 595 F2d. 1062, 1064. Removal statutes are restrictively

9 construed, and questions as to removability are resolved in favor of remand.

10 See <u>Gaus v. Miles, Inc.</u> 980 F2d. 564, 566, (9th Cir. 1992). For federal courts

11 are directed to reject jurisdiction if there is any doubt as to whether removal is

12 proper. See <u>Duncan v. Stuetzle</u>, 76 F.3d at 1485. As the removing defendant,

13 Progressive bears the burden of establishing the grounds for removal, and of

14 demonstrating that statutory procedural requirements for removal have been

15 met. See <u>Gaus</u> at 566.

16 To meet this burden, Progressive must show that this action could have

17 been commenced in federal court based on complete diversity of citizenship.

18 See 28 <u>U.S.C.</u> §1441(a). Further, Progressive must show that complete

19 diversity existed both at the time the California case commenced *and* at the

20 time of removal. See <u>United Food Local 919 v. Centermark Properties</u>, 30 F2d.

21 298, 301 (2nd Circ. 1994). Progressive has not successfully made such a

22 showing, as it did not review each party's respective citizenship upon removal

23 to Federal court .

**C.    Like Plaintiffs, Nationwide Affinity[3] Is Also A Citizen Of Maryland And Thus Complete Diversity Does Not Exist**

Progressive's analysis of each party's citizenship only reflected their citizenship as presented in the Complaint, which addressed California procedural law.  Upon removal, Progressive needed to also consider Federal procedural law which determines a party's removal citizenship.  Progressive did not consider 28 U.S.C. §1332(c)(1), which proscribes that, in direct actions against the insurer of a policy or contract of liability insurance, *where the insured is not joined as a party-defendant*, the insurer shall be deemed a citizen of the State of which the insured is a citizen.  See 28 U.S.C. §1332(c)(1).  Here, in the fourth, fifth, and eighth COA, Peace brings a direct action against his first-party insurer, Nationwide Affinity.  Here, Peace, the insured, is the Plaintiff, not a party-defendant.  Consequently, Nationwide Affinity, Peace's insurer, is a citizen of Maryland as well as Ohio.  See 28 U.S.C. §1332(c)(1).  In summary, as Plaintiffs and Defendant Nationwide Affinity are all citizens of Maryland, complete removal diversity does not exist.

**D.    Removal Is Prohibited Because Progressive Is a "Local Defendant"**

Progressive ignored federal removal law as it pertains to Progressive's role as personal representative of the Estate[4].  The removal statute 28 U.S.C. § 1441(b) permits removal of an action which would have originated under diversity jurisdiction *only if* none of the defendants (parties in interest

---

[3] Plaintiff applies 28 U.S.C. §1332(c)(1) to defendant Nationwide Affinity's citizenship; however, the same analysis will hold true if Nationwide General is joined to the action.

[4] Progressive serves as the Estate's personal representative by virtue of California substantive law. See Cal. Prob. Code §552; see also Cal. Prob. Code §9390.  Progressive challenged its role as personal representative in a motion to quash; Plaintiffs contend that for purposes of reviewing removal, the court should presume that Progressive's role as the Estate's personal representative is proper.  "When there are real ambiguities among the relevant state law authorities, federal courts that are considering motions to remand should avoid purporting to decide how state courts would construe those authorities." Western Asbestos Settlement Trust v. Zurich-America, 2005 U.S. Dist. LEXIS 6130, citing Macey v. Allstate Property & Casualty Co., 220 F. Supp. 2d 1116, 1125 (N.D. Cal. 2002).  "Any ambiguities in the statute must be resolved against removal, i.e., against the defendants." Western Asbestos Settlement Trust v. Zurich-America, 2005 U.S. Dist. LEXIS 6130 citing Plute v. Roadway Package Sys., 141 F. Supp. 2d 1005, 1008.

1  properly joined and served[5]) are a citizen of the state in which such action was

2  brought.  See 28 U.S.C. § 1441(b); see also Republic Western Ins. Co. v.

3  International Ins. Co. (ND CA 1991).  That is, removal is proper only if no

4  "local defendant" with California citizenship had already been joined and

5  served when the case was removed from California state court.  But here, a

6  local defendant existed; for the legal representative of the Sorensen Estate,

7  which had been properly joined and served before removal, is a California

8  citizen.  More specifically, Cal. Prob. Code §552 dictates that, once the insurer

9  has been served on behalf of the Estate, the action will be conducted in the

10  same manner as if the action were against the personal representative[6].

11  Furthermore, federal statute 28 U.S.C. § 1332(c)(2) dictates that an estate's

12  legal representative must assume the citizenship of the state of the decedent,

13  and may have no other citizenship.  See 28 U.S.C. § 1332(c)(2). As Kimberly

14  Sorensen was a citizen of California[7], Progressive, by virtue of its role as the

15  Estate's legal representative, must assume California citizenship[8].  As the

16  action was brought in California, and Progressive (in its role as the Estate's

17  personal representative) is only a citizen of California, Progressive is a "local

18  defendant" which thwarts removal.  See Miller v.Grgurich 763 F2d 372, 373,

19  (9th Circ. 1985).

20      Progressive may be a "local defendant" due to its principal place of

21  business as well.  While Progressive is incorporated in Ohio (and is therefore

22  an Ohio citizen), it also underwrites and issues policies in California.  It

23  accepts, investigates, makes determinations of claims, and manages other

---

[5] See Plaintiff's opposition to Progressive's Motion to Quash for a demonstration that the Estate is a properly joined and served defendant.

[6] Under Cal. Probate Code, the "domicile" of the Estate would be where it was physically located – California.

[7] Sorensen's California citizenship may be established from Progressive's records of policy issuance and management.

[8] Cal. Prob. Code allows Progressive to motion that another personal representative be substituted in its place. Were another legal representative substituted for Progressive, that legal representative would nevertheless be a citizen of California as well.  See  28 U.S.C. §1332(c)(2) Consequently, so long as the Estate is a party to the action, a "local defendant" exists and removal is prohibited. ..

1  coverage activity at its Rancho Cordova, California office; administrative and
2  agent relations functions are performed there as well.  Plaintiffs contend that,
3  taking into account all of Progressive's activities, Rancho Cordova, California
4  is where the bulk of Progressive's total activities that are visible and impact the
5  public take place. Plaintiffs contend that Progressive's principal place of
6  business should be construed to be located in California and it should be
7  deemed a citizen of California.  See Industrial Tectonics, Inc. v. AeroAlloy,
8  912 F2d 1090 (9th Circ. 1990).  Consequently, even if the Estate were not part
9  of this action, Progressive would be a "local" defendant which defeats removal.

## IV.

## CONCLUSION

12      Plaintiffs assert that all causes of action were improperly removed from
13  California state court.  Progressive's notice of removal was facially defective
14  because it lacked unanimity by all named and served defendants and gave no
15  explanation for their absence from the notice of removal.  Progressive's
16  removal was improper because, by virtue of 28 U.S.C. §1332(c)(1), complete
17  diversity does not exist.  Removal was improper because Progressive, both in
18  its role as the Sorensen Estate's legal representative and in its own capacity as a
19  defendant, is a California citizen and a "local defendant".  In light of the

CV08-2880 CAS (PLAx)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

1   foregoing, Plaintiffs respectfully move that this Court remand all causes of

2   action to California state court.

3

4                               Respectfully Submitted,

5

6

7   Dated: May 30, 2008          LAW OFFICES OF MATTHEW W. MONROE

8

9

10  By:    _____

11         DANIEL F. BERBERICH, ESQ.
          Attorney for Plaintiffs
12         ADAM PEACE AND
          REBECCA GAWRNOSKI
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  - 9 -

                                                   CV08-2880 CAS (PLAx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND