UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-2880-CAS (PLAx) | Date | June 30, 2008 |
|---|---|---|---|
| Title | ADAM PEACE; ET AL. v. ESTATE OF KIMBERLY DAWN SORENSEN; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

   Ty Fletcher      John Curtis
         Bob Valera

**Proceedings:** DEFENDANT PROGRESSIVE WEST INSURANCE CO.'S MOTION TO QUASH FOR FAILURE TO SERVE DEFENDANT ESTATE OF KIMBERLY DAWN SORENSEN DECEASED (filed 05/07/08)

DEFENDANT PROGRESSIVE WEST INSURANCE CO.'S MOTION TO DISMISS (filed 05/07/08)

DEFENDANT PROGRESSIVE WEST INSURANCE CO.'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT (filed 05/07/08)

DEFENDANT NATIONWIDE AFFINITY INSURANCE CO. OF AMERICA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (filed 5/7/08)

PLAINTIFFS' MOTION TO REMAND CIVIL ACTION TO CALIFORNIA STATE COURT (filed 5/30/08)

## I. INTRODUCTION

On March 25, 2008, plaintiffs Adam Peace ("Peace") and Rebecca Gawronksi ("Gawronski") filed a complaint in the Los Angeles County Superior Court against Progressive West Insurance Company ("Progressive"); Nationwide Affinity Insurance Company of America ("Nationwide"); Erie Indemnity Company ("Erie"); the estate ("the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-2880-CAS (PLAx) | Date | June 30, 2008 |
|---|---|---|---|
| Title | ADAM PEACE; ET AL. v. ESTATE OF KIMBERLY DAWN SORENSEN; ET AL. | | |

estate") of Kimberly Dawn Sorensen ("Sorensen"); and Does 1-25, inclusive.[1] Plaintiffs allege that they sustained serious injuries as a result of a car accident caused by Sorensen's negligent driving. Compl. ¶¶ 16-22.

Plaintiffs further allege that Progressive wrongfully refused to compensate plaintiffs, in violation of its obligations as Sorensen's automobile insurer. Id. ¶¶ 31-41. Plaintiffs also allege that Nationwide and Erie, Peace's and Gawronski's respective automobile insurers, have wrongfully refused to compensate them fully for injuries that each of them suffered in the car accident. Id. ¶¶ 51-64, 85-99.

Plaintiffs allege claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief against each of the insurer defendants. Plaintiffs also allege a claim for negligent operation of a motor vehicle against the estate.

On May 2, 2008, Progressive filed a timely motion to remove the action to this Court on the basis of diversity jurisdiction.[2]

On May 7, 2008, Progressive filed motions to dismiss and to strike portions of the complaint, in addition to a motion to dismiss the estate, or in the alternative to quash service of the estate.[3] On the same day, Nationwide filed a motion to dismiss the

---

[1] Nationwide was sued erroneously as "Nationwide Insurance Companies." On April 8, 2008, plaintiffs filed in state court an amendment to the complaint to correct this error.

[2] Plaintiffs are Maryland citizens. Compl. ¶¶ 3-4. Progressive is an Ohio corporation with its principal place of business in Ohio. Notice of Removal ¶ 2. Nationwide is also an Ohio corporation with its principal place of business in Ohio. Id. ¶ 5. Erie is a Pennsylvania corporation with its principal place of business in Pennsylvania. Id. ¶ 4. Because Sorensen was a citizen of California, see Compl. ¶ 4, the estate is deemed to be a citizen of California. 28 U.S.C. § 1332(c)(2). It is apparent from the face of the complaint that the jurisdictional amount has been satisfied.

[3] Progressive filed duplicative motions to dismiss, strike, and quash service on May 16, 2008. These duplicative motions were stricken from the record by the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-2880-CAS (PLAx) | Date | June 30, 2008 |
|---|---|---|---|
| Title | ADAM PEACE; ET AL. v. ESTATE OF KIMBERLY DAWN SORENSEN; ET AL. | | |

complaint.

On May 12, 2008, Gawrowski voluntarily dismissed her claims against Erie with prejudice, and Erie was terminated as a party defendant. Also on May 12, 2008, Nationwide demanded a jury trial.

On May 23, 2008, plaintiffs filed oppositions to Progressive's and Nationwide's respective motions. Nationwide filed a reply on May 30, 2008. Progressive filed replies on June 2, 2008.

On May 30, 2008, plaintiffs filed the instant motion to remand the case to the Los Angeles County Superior Court. On June 11, 2008, Nationwide filed the declaration of Derrick R. Sturm, Nationwide's counsel, in opposition to plaintiffs' motion to remand. Progressive filed an opposition to plaintiffs' motion on June 13, 2008. Plaintiffs filed a reply on June 23, 2008. A hearing was held on June 30, 2008.

Because the Court herein concludes that this action was improperly removed from state court, it does not reach defendants' respective motions.[4] Instead, the Court concludes that this action must be remanded to the Los Angeles County Superior Court for the reasons set forth below.

## II. LEGAL STANDARD

A civil action may be removed from state court if a district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice

---

[4] Plaintiffs request attorneys' fees and costs incurred in connection with the motion for remand. The Court DENIES this request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-2880-CAS (PLAx) | Date | June 30, 2008 |
|---|---|---|---|
| Title | ADAM PEACE; ET AL. v. ESTATE OF KIMBERLY DAWN SORENSEN; ET AL. | | |

Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).
/ / /
/ / /
/ / /

      Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join or consent to the removal notice. Prize Frize, 167 F.3d at 1266. This is known as the rule of unanimity. See Chicago, Rock Island & Pacific Railway v. Martin, 178 U.S. 245 (1900). Defects in removal must be cured within the 30-day statutory period set forth in § 1446(b). Prize Frize, 167 F.3d at 1266; Dubon v. HBSC Bank Nevada, N.A., 2005 U.S. Dist. LEXIS 37290, at *4 (N.D. Cal. 2005).

      If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enterprises, Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 ( C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

### III. DISCUSSION

      Although the parties dispute whether the estate was properly served with plaintiffs' complaint, it is clear that Progressive, Nationwide, and Erie were served by the time that Progressive removed this action from state court. Progressive acknowledges that it was served on April 2, 2008. Declaration of Julia Azrael ¶ 3. Nationwide acknowledges that it was served on April 9, 2008. Declaration of Derrick Strum ¶ 3. Additionally, plaintiffs offered evidence showing that Erie was served on April 3, 2008. Declaration of Antonia Alario ("Alario Decl.") ¶ 9, Ex. 8.

      Neither Erie nor Nationwide joined in Progressive's notice of removal. The notice of removal also does not explain why Progressive's co-defendants did not join in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-2880-CAS (PLAx) | Date | June 30, 2008 |
|---|---|---|---|
| Title | ADAM PEACE; ET AL. v. ESTATE OF KIMBERLY DAWN SORENSEN; ET AL. | | |

removal petition. Prize Frize, 167 F.3d at 1266 ("Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants *in the notice for removal*.") (emphasis supplied); see also Morgan v. Asbestos Defendants, 2003 U.S. Dist. LEXIS 3114, at *9 (N.D. Cal. 2003). Erie has been dismissed from this case, and the Court need not consider herein whether Erie's failure to consent is fatal to the removal of this action.[5] But Nationwide, which remains a party defendant, has failed to offer any reason to excuse its failure to join in the removal petition. Moreover, although Nationwide maintains that plaintiffs have failed to state a claim against it, neither Nationwide nor Progressive has suggested that Nationwide is a sham defendant, such that its failure to consent to removal may be disregarded. Therefore, in the absence of Nationwide's consent, removal was improper unless this defect was corrected within 30 days of service. Id.

Because this is a multi-defendant case, it is unclear whether this 30-day period runs from when the first defendant was served or whether the later served defendants are entitled to manifest their consent to removal a full 30 days after each of them was served.[6] See, e.g., Brown v. Demco, Inc., 792 F.2d 478, 482 (5th Cir. 1986) (adopting the first-served rule); Olsen v. Foundation Health Plan, 1999 U.S. Dist. LEXIS 8843, at *11 (N.D. Cal. 1999) (same); but see Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999) (applying last-served rule); Ford v. Nwe United Motors Mfg., 857 F. Supp. 707, 709 (N.D. Cal. 1994) (same). However, even if the Court were to adopt the later-served defendant rule -- in which case Nationwide would have to have manifested its consent to removal by May 9, 2008 -- the outcome would be the same: Nationwide did

---

[5] The Court notes, however, that Erie was dismissed on May 12, 2008, after the expiration of the 30-day statutory time limit for curing its failure to join in the removal.

[6] The Ninth Circuit has not spoken on this issue. See United Computer Sys. v. AT&T Info. Sys., 298 F.3d 756, 763 n.4 (9th Cir. 2002) (describing a split among courts on this question); see also Schwarzer, supra, §§ 2:905.2, 2:905.7. The Court notes, however, that the first-served defendant rule is the majority view. See United Computer, 298 F.3d at 762; McAnally Enters. v. McAnally, 107 F. Supp. 2d 1223, 1227 (C.D. Cal. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-2880-CAS (PLAx) | Date | June 30, 2008 |
|---|---|---|---|
| Title | ADAM PEACE; ET AL. v. ESTATE OF KIMBERLY DAWN SORENSEN; ET AL. | | |

not timely consent to the removal of this action. Therefore, removal was improper.

Progressive argues that Nationwide indicated its consent to removal on June 11, 2008, when Nationwide's counsel filed a declaration in which he asserted that Nationwide consented to removal. However, while this declaration might suffice to show that Nationwide consented to removal, it comes more than a month too late to cure Progressive's defective removal notice.

Progressive also argues that Nationwide consented to removal on May 7, 2008 -- 28 days after it was served with plaintiffs' complaint -- when it filed a motion to dismiss in this Court. Some courts have held that a court may, in its discretion, treat an *answer* as consent to removal. See, e.g., Hernandez v. Six Flags Magic Mountain, Inc., 688 F. Supp. 560, 562-63 (C.D. Cal. 1988); Morales v. Safeway Stores, Inc., 2002 U.S. Dist. LEXIS 1998, at *4-5 (N.D. Cal. 2002) ("In some situations, filing an answer to a complaint within 30 days of removal *may* serve as a joinder and thereby cure the procedural defect.") (emphasis in original); see also Schwarzer, supra, § 2:975.3. Other courts have rejected this view, however. See, e.g., Local Union No. 172 v. P.J. Dick, Inc., 253 F. Supp. 2d 1022, 1025 (S.D. Ohio 2003) ("Allowing a defendant's ambiguous actions, such as filing an answer which makes no reference to the removal of the case, to satisfy the clear requirements of the statute, or to be considered a factor in the exercise of equitable discretion, simply encourages defendants not to take those simple steps needed to make their intention clear, and to create the desired level of certainty about whether a case was properly removed."); Unicorn Sys., Inc. v. Nat'l Louis Univ., 262 F. Supp. 2d 638, 643 (E.D. Va. 2003); Landman v. Borough of Bristol, 896 F. Supp. 406, 409 (E.D. Pa. 1995); see also Schwarzer, supra, § 2:975.2.

Progressive points to no decision in which a court treated a *motion to dismiss* as a party's unambiguous consent to removal. See Ell v. S.E.T. Landscape Design, Inc., 34 F. Supp. 2d 188, 194 (S.D.N.Y. 1999) ("unambiguous written evidence of consent by all defendants is required . . .") (quotations omitted); Gribler v. Weisblat, 2008 U.S. Dist. LEXIS 16489, at *5-6 (S.D.N.Y. 2008) ("courts have routinely held that a co-defendant's mere filing of an answer or a motion to dismiss does not manifest unambiguous consent to removal."). Moreover, nothing in Nationwide's motion to dismiss offers any indication of its position regarding the removal of this action from state court. It cannot be said, therefore, that the filing of this motion constitutes Nationwide's unambiguous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-2880-CAS (PLAx) | Date | June 30, 2008 |
|---|---|---|---|
| Title | ADAM PEACE; ET AL. v. ESTATE OF KIMBERLY DAWN SORENSEN; ET AL. | | |

consent to removal.[7] Accordingly, Nationwide did not timely consent to the removal of this action from state court. Therefore, "because the removal notice was facially defective and the deficiencies uncured within the thirty-day statutory period, removal was improper." Prize Frize, 167 F.3d at 1266.

Progressive advances several reasons why plaintiffs have waived their right to challenge removal. All lack merit. First, Progressive relies on Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260 (D. Or. 2001), to argue that when plaintiffs filed oppositions to defendants' motions to dismiss and Progressive's motions to quash and to strike, they engaged in "affirmative activity in federal court" and thereby waived their right to seek remand. Id. at 1271. In Riggs, the court held that the plaintiff had acquiesced in the court's jurisdiction based on her filing of a motion for default judgment against one of the defendants. Id. at 1271-72. Other waiver cases relied upon by Riggs involved plaintiffs who had filed or attempted to file an amended complaint in federal court. See Koehnen v. Herald Fire Ins. Co., 89 F.3d 525, 527-28 (8th Cir. 1996); Johnson v. Odeco Oil & Gas Co., 864 F.2d 40, 42 (5th Cir. 1989); In re Moore, 209 U.S. 490, 496 (1908). Unsurprisingly, none of these cases, and no case cited by Progressive, stands for the proposition that a plaintiff waives the right to remand the action merely by opposing in federal court a Rule 12 motion filed by the defendant. A plaintiff's opposition to her adversary's efforts to seek relief from the court can hardly be deemed to be acquiescence to the court's jurisdiction.[8] Therefore, plaintiffs did not waive their right to seek remand when they opposed defendants' motions in this Court.

Next, Progressive argues that plaintiffs waived their right to challenge removal

---

[7] Progressive does not argue that Nationwide's demand for a jury trial on May 12, 2008, suffices to establish their consent to removal. In any event, Nationwide's demand for a jury trial does not unambiguously demonstrate its consent to removal, and even if it did, this consent would have occurred after the expiration of the 30-day statutory deadline.

[8] This is especially so in light of Local Rule 7-12, which provides that a party's failure to file any required paper -- including an opposition -- may be deemed consent to the granting or denial of the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-2880-CAS (PLAx) | Date | June 30, 2008 |
|---|---|---|---|
| Title | ADAM PEACE; ET AL. v. ESTATE OF KIMBERLY DAWN SORENSEN; ET AL. | | |

when they attempted to add Nationwide General Insurance Company ("NGIC") as a party defendant. On May 30, 2008 -- the same day that plaintiffs filed their motion to remand -- plaintiffs attempted to file a motion to join NGIC as a necessary party to this action. On June 3, 2008, the Court ordered that this filing be rejected on the grounds that it was not electronically filed. On June 10, 2008, plaintiffs then filed an application for an order identifying NGIC as one of the Doe defendants in this action.[9] Progressive argues that by attempting to amend their complaint to add NGIC as a party defendant, plaintiffs engaged in affirmative activity in federal court, thereby waiving their right to seek remand. During oral argument, counsel for plaintiffs countered that plaintiffs' application to add NGIC was in response to Nationwide's argument in its motion to dismiss that NGIC, not Nationwide, was in privity of contract with Peace.

The circumstances of plaintiffs' attempt to add NGIC as a party defendant distinguishes this case from others in which a plaintiff's attempt to amend the complaint was deemed a waiver. In Johnson, the court found that a plaintiff engaged in affirmative action in federal court amounting to waiver where he had amended his complaint in federal court, where "considerable discovery" had taken place in federal court for nearly a year before he moved to remand, and where he filed his motion to remand only after the defendants had moved for summary judgment. Johnson, 864 F.2d at 42. In Koehnen, the court found that the district court did not abuse its discretion in holding that the plaintiff had waived his right to seek remand where the plaintiff sought leave to file a new complaint in federal court and only later filed a motion to remand. Koehnen, 89 F.3d at 528. Of particular significance to the court in Koehnen was the fact that the plaintiff had pressed for remanding the case only after the magistrate judge had denied his motion to amend the complaint. Id.

In contrast to these cases, plaintiffs first attempted to amend their complaint to add NGIC as a defendant *simultaneously* with the filing of their motion to remand. Plaintiffs' application to designate NGIC as a party defendant makes explicit reference to their motion to remand, indicating that plaintiffs, by filing this application, did not intend to withdraw their request that the Court remand the action to state court. Thus, it is apparent

---

[9] On June 11, 2008, the Court denied this application without prejudice to its being renewed on a properly noticed motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-2880-CAS (PLAx) | Date | June 30, 2008 |
|---|---|---|---|
| Title | ADAM PEACE; ET AL. v. ESTATE OF KIMBERLY DAWN SORENSEN; ET AL. | | |

that plaintiffs intended for the Court to consider their application to add NGIC as a party defendant only in the event that their motion to remand was denied by the Court. In contrast to Johnson and Koehnen, this is not a case where a plaintiff has attempted to game the system by first testing the waters in federal court, and then seeking to remand when state court appeared the more advantageous forum. Rather, plaintiffs, in the first instance, have sought remand of this action, and in the alternative, they have sought to amend their complaint. In seeking to add NGIC as a party defendant under these circumstances, they did not relinquish their right to challenge the removal of this action.

Progressive next argues that it was unaware that other defendants had been served with the complaint when it filed the notice of removal. Progressive contends that plaintiffs should be deemed to have waived their right to remand because they did not inform Progressive that other defendants had been served. However, plaintiffs were under no duty to inform Progressive of this fact. In any event, Progressive was on notice that Nationwide had been served with the complaint because plaintiffs filed a proof of service regarding Nationwide in the Los Angeles County Superior Court. See Alario Decl. ¶ 8, Ex. 7.

Thus, removal from state court was improper and plaintiffs have not waived their right to remand this action. Accordingly, the Court GRANTS plaintiffs' motion to remand.

### III.   CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiffs' motion to remand. It does not reach defendants' respective motions.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |